# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **J.R.**

**No. 16-1114** (Raleigh County 13-JA-151-B)

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Grandmother D.B., pro se, appeals the Circuit Court of Raleigh County's October 26, 2016, order denying her custody of J.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Matthew A. Victor, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion requesting that the child be permanently placed in her home.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2013, the DHHR filed an abuse and neglect petition alleging that J.R. was abused by his father, T.R, because his father left him in J.R.'s mother's care while T.R. traveled to the State of Florida to attend an in-patient drug rehabilitation treatment program.[3] According

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner also sets forth arguments regarding her dissatisfaction with the guardian and her attorney's representation below. Because the "welfare of the child is the polar star by which the discretion of the court will be guided" and not the attorney's actions, the circuit court correctly determined that it was in the child's best interest to remain in his foster mother's custody, we find that petitioner's additional arguments have no merit. Syl. Pt. 3, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 325 (2013).

[3]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new

(continued . . .)

to the petition, the mother had a long history of drug abuse, did not possess basic parenting skills, and left the child unattended for long periods of time. The petition also alleged that T.R. actively abused drugs, engaged in domestic violence with the mother in the child's presence, had no contact with the child for several months, and did not financially or emotionally support the child. The petition further alleged that T.R.'s alcohol abuse resulted in an injury to the child. Following the preliminary hearing, the child was removed from the home and placed in the care of his foster mother on July 25, 2013. Subsequently, the child's biological parents were both granted improvement periods.

In August of 2013, petitioner, the child's maternal grandmother, advised the DHHR that she wished to serve as a family placement for the child. Ultimately, in April of 2015, both parents failed to successfully complete their respective improvement periods. As a result, the mother's parental rights were terminated by order entered on April 13, 2015. In May of 2015, petitioner filed a motion to intervene in the underlying abuse and neglect proceedings. Following the filing of petitioner's motion, T.R.'s parental rights were terminated by order entered on July 14, 2015.

In June of 2015, the circuit court held a hearing and granted petitioner's motion to intervene. In August of 2016, the circuit court held a permanency review hearing. The child's psychotherapist testified that she believed that it would be harmful to remove the child from his foster mother's home because he was "happy and well-adjusted" there. She also testified that removing the child from the foster mother's home would "disrupt the attachment he has formed with her." She further testified that disrupting the child's bond with the foster mother would endanger his future mental and emotional health and development. For her part, petitioner testified that she was a "certified foster parent." She admitted that she did not see the child for a period of two years after he was removed from his mother's custody. The supervised visitation provider testified that the child enjoyed visits with petitioner, adjusted well to those visits, and also that the petitioner's home study was approved. She also testified that, based on her observations, removing the child from his foster mother's care would substantially harm his development due to the strong bond between the child and his foster mother. At the close of the evidence, the circuit court denied petitioner's motion for the child's permanent placement in her home and found that it was in the child's best interest to remain in his foster mother's care. It is from that October 26, 2016, order that petitioner appeals.

The Court has previously established the following standard of review: "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syl. Pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion that the child be permanently placed with her.

---

enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

On appeal petitioner asserts that she is the child's biological grandmother and, therefore, the child should be placed in her custody and raised with "the rest of [his] family." West Virginia Code § 49-3-1(3) provides that, for the purposes of placement, the DHHR "shall first consider the suitability and willingness of any known grandparent . . . to adopt the child." We have previously held that

> West Virginia Code § 49-3-1(a) provides for grandparent preference in determining adoptive placement for a child where parental rights have been terminated and also incorporates a best interests analysis within that determination by including the requirement that the DHHR find that the grandparents would be suitable adoptive parents prior to granting custody to the grandparents. The statute contemplates that placement with grandparents is presumptively in the best interests of the child, and the preference for grandparent placement may be overcome only where the record reviewed in its entirety establishes that such placement is not in the best interests of the child.

Syl. Pt. 4, *Napolean S. v. Walker*, 217 W.Va. 254, 617 S.E.2d 801 (2005). Further, we have also held that the legislature implicitly included in West Virginia Code § 49-3-1(3) "the requirement for an analysis by the [DHHR] and circuit courts of the best interests of the child, given all circumstances of the case." *Napolean S.*, 217 W.Va. at 256, 617 S.E.2d at 803.

Here, it is clear from the record below that the circuit court was presented with evidence that the child had been in the foster mother's custody for most of his life and had a significant bond with her. Petitioner testified that she had not visited the four-year-old child for two years before she filed her motion to intervene in the abuse and neglect proceedings. Further, the child's treating psychotherapist testified that his mental and emotional health would be substantially harmed if he was removed from his foster mother's care. The supervised visitation provider also testified that removing the child from his foster mother's care would substantially harm his development due to the strong bond between the foster mother and the child. Given the circumstances of this case, the circuit court determined that it was in the child's best interest to remain with his foster mother and that it would be "harmful now to remove the child from his home and family [of] over three years." We have held that "[a] fundamental mandate, recognized consistently by this Court, is that the ultimate determination of child placement must be premised upon an analysis of the best interests of the child." *Id*. at 259, 617 S.E.2d at 806. "[T]he best interests of the child is the polar star by which decisions must be made which affect children." *Michael K.T. v. Tina L.T.,* 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (citation omitted). Accordingly, we find no error and affirm the circuit court's decision.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 26, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker